**Gezim GJOKA, Petitioner,**

v.

**Alberto R. GONZALES,[1] Attorney General, Respondent.**

**No. 04–5081–AG.**

United States Court of Appeals, Second Circuit.

Feb. 6, 2006.

Charles Christophe, New York, New York, for Petitioner.

David E. O'Meilia, United States Attorney for the Northern District of Oklahoma, Neal B. Kirkpatrick, Assistant United States Attorney, Tulsa, Oklahoma, for Respondent.

PRESENT: Hon. JOSÉ A. CABRANES, Hon. REENA RAGGI, and Hon. PETER W. HALL, Circuit Judges.

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft as a respondent in this case.

SUMMARY ORDER

Gezim Gjoka petitions for review of the BIA decision denying his motion to reconsider his final order of removal. We assume the parties' familiarity with the underlying facts and procedural history.

We review the BIA's denial of Gjoka's motion to reconsider for an abuse of discretion. *Zhong Guang Sun v. U.S. Dep't of Justice*, 421 F.3d 105, 107 (2d Cir.2005). An abuse of discretion may be found where the BIA's decision "provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Ke Zhen Zhao v. DOJ*, 265 F.3d 83, 93 (2d Cir.2001). In a motion to reconsider, this Court is precluded from passing on the merits of the underlying claim for relief, and review must be confined to the denial of the petitioner's motion to reconsider only. *Id.* at 90.

A motion to reconsider must specify errors of fact or law and be supported by pertinent authority. 8 C.F.R. § 1003.2(b)(1). Gjoka did not allege any particular error of fact or law, but merely restated the same arguments that he initially raised on appeal to the BIA, which BIA had already addressed in detail and properly rejected. The BIA was not required to address Gjoka's repeated arguments at all, yet it devoted substantial attention to the details of his arguments before rejecting them. The BIA rationally concluded that Gjoka's and his father's accounts of his July 2001 detention could not be reconciled, and that Gjoka failed to provide internally consistent testimony about how he obtained official documents when he was allegedly in hiding. Therefore, the BIA did not abuse its discretion in denying Gjoka's motion to reconsider. *See Ke Zhen Zhao*, 265 F.3d at 93.

Accordingly, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal is this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).